UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY BUNCH,<br><br>          Petitioner,<br><br>    v.<br><br>D. SAMUELS,<br><br>          Respondent. | No.  2:21-cv-01209-DAD-KJN (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR HABEAS RELIEF<br><br>(Doc. Nos. 1, 23) |

      Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2017 convictions for murder during the special circumstance of an attempted robbery and possession of a firearm by a felon which were entered in the Sacramento County Superior Court.  In his petition for federal habeas relief, petitioner asserts the following claims:  (1) there was insufficient evidence to support his murder conviction; (2) there was insufficient evidence to support his conviction for the firearm possession offense; (3) the trial court violated his right to due process in denying his motion brought pursuant to *People v. Marsden*, 2 Cal. 3d 118 (1970); and (4) prosecutorial misconduct. (Doc. No. 1 at 4–5.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On May 25, 2023, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief be denied.  (Doc. No. 23.)

1   Specifically, the findings and recommendations found as to petitioner's insufficiency of the
2   evidence claims, that the state court had reasonably rejected those claims (as to the sufficiency of
3   the evidence regarding the murder, the felony murder special circumstance and the possession of
4   a firearm charge) and that the state court's determination was neither an unreasonable application
5   of clearly established federal law or based on an unreasonable application of the facts. (*Id*. at 9–
6   17.) In addition, the magistrate judge concluded that the state court's rejection of petitioner's
7   claim that the state court had erred in denying his post-trial *Marsden* motion, as well as its ruling
8   that petitioner had failed to make a showing of prejudice in support of any claim that his
9   counsel's performance had been deficient, was not objectively unreasonable. (*Id.* at 17–23.)
10  Finally, the findings and recommendations concluded that the state court's rejection of
11  petitioner's claim that the prosecutor had in three instances engaged in prosecutorial misconduct
12  during closing argument was not contrary to, or an unreasonable application of, clearly
13  established federal law and was not a determination based on an unreasonable application of the
14  facts. (*Id.* at 23–28.) Accordingly, it was recommended that the pending petition for federal
15  habeas relief be denied. (*Id.* at 29.)

16  The findings and recommendations were served on petitioner with notice that any
17  objections thereto were to be filed within fourteen (14) days of the date of their service. (*Id.* at
18  29.) On June 26, 2023, petitioner requested an extension of time in which to file objections to the
19  pending findings and recommendations until August 10, 2023. (Doc. No. 24.) On June 28, 2023,
20  that request was granted by the magistrate judge. (Doc. No. 25.) On September 21, 2023, after
21  the August 10 deadline for filing objections had passed, petitioner filed another request for
22  extension time to November 20, 2023, to file his objections. (Doc. No. 26.) Despite the untimely
23  nature of his request, on October 5, 2023, the magistrate judge granted it and directed that any
24  objections to the pending findings and recommendations be filed within sixty (60) days, i.e.,
25  December 4, 2023. (Doc. No. 27.) Despite having been granted two lengthy extensions of time
26  to do so, no objections to the pending findings and recommendations have been filed with the
27  court by petitioner, and the time for doing so has passed even given a generous application of the
28  mailbox rule.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the undersigned concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. Therefore, the findings and recommendations will be adopted and petitioner's request for federal habeas relief will be denied on the merits.

In addition, the court declines to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338. In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court will decline to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on May 25, 2023 (Doc. No. 23) are adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is denied;

/////
/////
/////
/////

3

3. The court declines to issue a certificate of appealability (28 U.S.C. § 2253(c)); and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**December 15, 2023**__         _/s/ Dale A. Drozd_
                                          DALE A. DROZD
                                          UNITED STATES DISTRICT JUDGE

4